## In re BUTMAN'S ESTATE.

(Supreme Court, Appellate Division, First Department.   January 22, 1909.)

DEPOSITARIES (§ 6*)—SURROGATES—POWER TO ALLOW FEES TO DEPOSITARY.

Under Code Civ. Proc. § 2595, providing that where a bond may be required of an executor or other trustee, if the value of the estate is so large that the surrogate deems it inexpedient to require full security, he may direct that any securities of the estate be deposited with him, to be delivered to the county treasurer, or be deposited with a trust company, to be withdrawn only on the order of the trustee, countersigned by the surrogate, and after sufficient security has been given by the trustee, the surrogate has implied power to fix a compensation by way of commissions for the trust company depositary, to secure of it, as a bailee for hire, a high degree of care.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 25; Dec. Dig. § 6.*]

Appeal from Surrogate's Court, New York County.

In the Matter of the Estate of James D. Butman, deceased. From so much of an order as allowed commissions to the Union Trust Company, depositary of certain funds and securities under an order made under Code Civ. Proc. § 2595, the administratrix appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Delaney & St. John (Frederick St. John, of counsel), for appellant.

Miller, King, Lane & Trafford (W. R. Thompson, of counsel), for respondent Union Trust Co.

CLARKE, J.: On April 12, 1887, an order was made by the Surrogate's Court, pursuant to section 2595 of the Code of Civil Procedure, directing the deposit of various chattels and securities of the estate of James D. Butman, deceased, with the Union Trust Company of the city of New York. In pursuance thereof on the 20th of April, 1887, the Union Trust Company as such depositary received 25,000 United States 4's of 1907, 16 shares of Bank of the State of New York, 9 shares of United States Trust Company, and 7 bonds and mortgages. The par value of said securities upon said date was $35,550, and the market value $47,525.50. These securities having been deposited, the bond of Alice P. Butman, as administratrix with the will annexed, was fixed at the sum of $100, and, having been furnished, letters of administration were issued to her April 27, 1887. Thereafter the trust company collected and paid over, from time to time, the moneys due on the bonds and mortgages, and in 1907 collected the amount due on the United States bonds payable in that year. On February 25, 1908, the administratrix filed her account as such administratrix, and on the 11th day of June, 1908, a decree was made and entered finally settling and adjusting said account, and directing that the securities and cash then held by the Union Trust Company be retained by it as such depositary pursuant to the order of April 12, 1887, until the further order of the court. Thereafter the administratrix requested the Union Trust Company to invest upon ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proved bond and mortgage the cash held by it.  The trust company applied to the Surrogate's Court for an order permitting such an investment, but the court refused to grant such an order, upon the ground that the administratrix should give the further bond required by section 2595 of the Code of Civil Procedure, and upon so doing take over the cash and securities from such depositary and proceed to invest the same upon her own responsibility.  Thereupon this proceeding was instituted by petition for the purpose of obtaining an order withdrawing from the custody of the trust company the cash and securities so held by it, and fixing the amount of the bond to be given by the administratrix.  In her petition she alleged that the fair and reasonable value of the cash and securities at the present time hereby sought to be transferred from said Union Trust Company was, principal in cash and accrued interest to date, $32,775.11, value of 9 shares United States Trust Company stock, $9,810, estimated value of 8 shares stock of the National Bank of North America, $800, making an aggregate of $42,385.11.  Thereupon an order was made granting the application, fixing the bond of the administratrix at $90,-000, directing the Union Trust Company to deliver over to the administratrix the securities aforesaid, "and after deducting and retaining from the said sum of $32,619.86, its fees or commissions for its services as such depositary in receiving and paying over the principal of said fund, and after deducting and retaining thereupon the sum of $25, which sum is hereby allowed to it as its costs in this proceeding, to pay over the balance of said sum and accrued interest thereon."  From so much of said order as provides for the payment of $428.79 as commissions, the administratrix appeals.

The appeal is based solely upon the claim that the Surrogate's Court has no power to allow any fees or commissions to a depositary appointed under the provisions of section 2595 of the Code of Civil Procedure.  No question is raised here as to the performance of the services, as to the value of the securities deposited, or the amounts received or paid out; and it is expressly conceded that, if the Surrogate's Court has power to allow commissions under the circumstances presented, the amount allowed is reasonable and proper.

Section 2595 of the Code of Civil Procedure provides that:

"In a case where a bond * * * may be required by a surrogate from an executor, administrator, guardian or other trustee, if the value of the estate or fund is so great, that the surrogate deems it inexpedient to require security in the full amount prescribed by law, he may direct that any securities for the payment of money, belonging to the estate or fund, be deposited with him, to be delivered to the county treasurer, or be deposited, subject to the order of the trustee, countersigned by the surrogate, with a trust company duly authorized by law to receive the same.  After such a deposit has been made, the surrogate may fix the amount of the bond, with respect to the value of the remainder only of the estate or fund.  A security thus deposited shall not be withdrawn from the custody of the county treasurer or trust company, and no person, other than the county treasurer or the proper officer of the trust company, shall receive or collect any of the principal or interest secured thereby, without the special order of the surrogate, entered in the appropriate book.  Such an order can be made in favor of the trustee appointed, only where an additional bond has been given by him, or upon proof that the estate or fund has been so reduced, by payments or otherwise, that the penalty of the bond originally given, will be sufficient in amount, to satisfy

the provisions of law relating to the penalty thereof, if the security so withdrawn is also reckoned in the estate or fund."

It is obvious that the purpose of this statutory provision is to safeguard the securities of an estate, to relieve the executor, administrator, guardian, or trustee from the giving of an onerous bond, and to save the estate from the expense of paying the premiums accruing upon such bond.

Rule 15 of the Surrogate's Court in the county of New York provides that:

"The deposit of securities for the payment of money belonging to an estate or fund, as provided in section 2595 of the Code of Civil Procedure, for the purpose of reducing the bond of an executor, administrator or other trustee, shall be made under the order of the surrogate [in certain specified trust companies, of which the Union Trust Company is one] subject to the order of the trustee, to be countersigned by the surrogate, or the special order of the surrogate, and not otherwise."

By the Code provision the securities may be deposited with the county treasurer. In the city of New York the functions of that office are performed by the chamberlain. Section 3321 of the Code of Civil Procedure provides that:

"A county treasurer, or, in the city and county of New York, the chamberlain, is entitled, for the services specified in this section, to the following fees: For receiving money paid into court, one-half of one per centum, upon the sum so received; for paying out the same, one-half of one per centum, upon the sum so paid out."

The appellant concedes that, if the securities in the matter at bar had been deposited with the chamberlain, the section last quoted would furnish authority for the payment to such officer of the commissions allowed. She argues, however, that the surrogate must have the direct authority of a statute, and, as there is no provision authorizing a commission to a trust company made a depositary, the surrogate is without power to allow it. The very purpose of the statute is to insure the safe-keeping of the securities. Trust companies are authorized to be designated as such depositaries because they are necessarily possessed of the plant and officers insuring such safe-keeping. They have vaults and watchmen, supervision and methods calculated to secure the highest degree of care in the custody of the valuables committed to them. When the section of the Code under consideration was passed by the Legislature, it must have had in mind these attributes of the depositaries it authorized to be designated. It must, also, have had in mind the rule of law that a bailee without reward is held responsible only for a slight degree of care. Therefore, when it provided that trust companies might be designated as depositaries, the Legislature knew that they were not eleemosynary institutions, but were private corporations organized for the purpose of rendering the services permitted by their charters, for a remuneration to be applied to the expenses of administration and profits to be distributed among their stockholders. And, when the object of the statute was to attain security, the Legislature must have proceeded, not upon the theory that the depositary could only be held to a slight degree of care, as a voluntary bailee without reward, but that it could be held to the highest

degree of care as a trust company organized under the law, and a bailee for hire.

Therefore, when it conferred the power upon the Surrogate's Court to name a trust company as a depositary, and provided that the securities deposited should not be withdrawn except upon an order signed by the administratrix, countersigned by the surrogate, it must be held to have also granted that power which alone could insure the high degree of care requisite under the circumstances, and given by implication to the surrogate, the power to fix a compensation by way of commissions for those services.

It is not now necessary to decide whether those commissions should be fixed at the amount allowed in section 3321 of the Code of Civil Procedure to the chamberlain for the receipt of money deposited under order of the court, or a less or greater amount. We hold that the surrogate has the right to direct a reasonable commission to be paid; that for the 21 years of services rendered by the Union Trust Company in this matter the amount allowed is reasonable, and no question in regard thereto is suggested upon this appeal.

For these reasons, the order appealed from should be affirmed, with $10 costs and disbursements payable out of the estate. All concur.